## STATE EX REL. DONALD WAYNE SEARLES v. RALPH H. TAHASH.

136 N. W. (2d) 70.

May 21, 1965—No. 39,381.

*Donald Wayne Searles,* pro se, for appellant.

*Robert W. Mattson,* Attorney General, and *Charles E. Houston,* Special Assistant Attorney General, for respondent.

OTIS, JUSTICE.

Relator, an inmate of the State Prison, seeks review of two orders denying his petition for a writ of habeas corpus.

From a reading of the petitions and supporting briefs it appears that relator was arrested for burglary on August 3, 1962, and waived

preliminary hearing in justice court without the benefit of counsel. At the arraignment on September 4, 1962, the county attorney advised the district court that relator was indigent and that subject to the court's approval he had requested an attorney, whom he named, to represent him.[1] The attorney was appointed and stated he had already had an adequate opportunity to consult with his client. The court then asked counsel if he thought it proper to enter a plea of guilty at that time, and his answer was in the affirmative. Thereupon the clerk read the following information:

"I, JOHN S. NYQUIST, JR., County attorney for said County, hereby inform the Court that on the 3rd day of August, in the year of 1962, at said County Donald Wayne Searles, did Wilfully, wrongfully, feloniously and burglariously break and enter a building situated on lots 1 and 2, and the east 13 feet of lot 3, Block 12, Isle, with the intent then and there had by him the said Donald Wayne Searles to commit a crime therein, to-wit: larceny, contrary to the form of the Statute in such case made and provided for, the same being Section 621.10, said acts constituting Burglary in the Third degree, and against the peace and dignity of the State of Minnesota."

The relator pled guilty to the charge. Three additional informations alleging prior felony convictions were presented. Counsel succeeded in having two of them withdrawn because relator was a juvenile at the time the offenses were committed but he pled guilty to the third information. The following colloquy then occurred between court and counsel:

"THE COURT: Your motion, Mr. County Attorney, is granted. And the Court in this case did not order a presentence investigation because of the investigation you had indicated would be made, and also because of the fact that under the prior convictions the State authorities have full information concerning the background of this defendant. However, I presume the usual statutory questions should be asked, unless you feel they can be waived by reason of the fact that the authorities at the State Prison have the information that we would want?

---

[1]See, Minn. St. 611.07.

"MR. NYQUIST: The State would have no objection to waiving the usual statutory questions, your honor.

"THE COURT: There may be matters though with reference to this particular offense that we should inquire into, and [defendant's counsel] will you explain to the defendant his constitutional rights and inquire whether or not he is willing to answer any questions?

"[DEFENDANT'S COUNSEL]: Yes, Your Honor. (Conference between defendant and his counsel)

"[DEFENDANT'S COUNSEL]: May it please the Court. I have discussed this matter with the defendant, and he wishes to use his constitutional rights to refuse to testify.

"THE COURT: He may do that, but in view of the fact that the information usually sought in this inquiry is already available to the authorities I suppose it won't make much difference. *Before sentence is imposed is there any further statement, [defendant's counsel], you wish to make on behalf of the defendant?*

"[DEFENDANT'S COUNSEL]: May it please the Court, and Mr. County Attorney. I will be very brief. The defendant as the Court well knows, and the records indicate, has had several conflicts with the law. Because he is a man 36 or 37 years of age, he has requested that I respectfully ask the Court not order any presentence investigation, and therefore has asked that I request that the court immediately impose such sentence as it shall do under the laws of this state *it quite frankly being my feeling in view of the background and the record of the defendant, it would be unthinkable of me, in my conscience, to ask for probation in this matter. Consequently I cannot do so.* The question regarding his risk as a parolee of course would not be something that we can discuss at this moment and consequently I shall not go into that. I would therefore ask the court to waive any investigation and impose sentence at this time.

"THE COURT: Mr. Nyquist?

"MR. NYQUIST: May it please the court. I would recommend to the court that the defendant be sentenced and actually incarcerated in accordance with the statutes providing a penalty for burglary in the third degree, and also apply to the same sentence the statute which

permits or requires the doubling of the minimum and the doubling of the maximum of the present conviction.

"THE COURT: You may stand Mr. Searles." (Italics supplied.)

The court thereupon sentenced relator to the State Prison for a term not exceeding 10 years, which was the maximum authorized by statute.

Relator alleges the following grounds for relief: That he was not afforded counsel at the preliminary hearing; that the information is defective in alleging both burglary and larceny; that counsel was appointed by the prosecutor and not by the court; that his attorney in effect pled him guilty before the information was read; that the information is defective in failing to refer to accomplices; that relator was not confronted by the owner of the building; that he was not implicated in the actual break-in; and that he was denied adequate and competent counsel. We have considered all of these claims and hold that they are without merit, save the contention that he was denied his right of allocution at the time of sentencing.[2]

We are mindful of the fact that inquiry into relator's personal history under Minn. St. 243.49 was circumscribed by his invoking his right against self-incrimination and that at his counsel's request no presentence investigation or report was secured or made available pursuant to Minn. St. 1961, § 610.37. Nevertheless, no hearing to determine whether there were mitigating circumstances was suggested or granted by the court pursuant to Minn. St. 631.20, and defendant himself was not given an opportunity to exercise his common-law right of allocution. A matter of more serious concern is the fact that counsel failed to speak on defendant's behalf before sentence was pronounced. The matter is therefore remanded and the sentence vacated. Counsel will be appointed for the purpose of presenting to the court all of the mitigating facts, circumstances, and arguments which are available and appropriate to a reconsideration of the sentence originally imposed.

No case precisely in point has come to our attention. Nevertheless,

---

[2]We do not, however, approve the practice of a county attorney nominating counsel for the defense. Regardless of an attorney's fidelity to his client, his nomination by a prosecutor inevitably suggests to an indigent defendant the possibility of collusion.

the common law and the statutes and rules codifying it clearly confer on the accused an unqualified right to the presentation of mitigating circumstances prior to his being sentenced. The Federal court has embodied that right in Rule 32(a), Federal Rules of Criminal Procedure, in the following language:

"* * * Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

The United States Supreme Court has construed and applied the rule in a series of recent cases where either counsel was not present at the time of sentence or defendant was denied his right to be heard.[3] In Green v. United States, 365 U. S. 301, 81 S. Ct. 653, 5 L. ed. (2d) 670, the court noted that the right of allocution was recognized by the common law as early as 1689, and failure to grant it was treated as reversible error. A majority of the court in Hill v. United States, 368 U. S. 424, 82 S. Ct. 468, 7 L. ed. (2d) 417, held that a violation of Rule 32(a) was error which is not subject to collateral attack by habeas corpus. The dissent, however, observed that where a presentence investigation and report shows a prior criminal record, "a defendant's only chance to explain or rebut such evidence will often be by exercise of his right under 32(a)." 368 U. S. 435, 82 S. Ct. 475, 7 L. ed. (2d) 425. Our own § 631.20 in effect codifies the common-law right of allocution[4]

A review of the authorities indicates there is little question but that

---

[3]Green v. United States, 365 U. S. 301, 302, 81 S. Ct. 653, 654, 5 L. ed. (2d) 670, 672; Hill v. United States, 368 U. S. 424, 428, 82 S. Ct. 468, 471, 7 L. ed. (2d) 417, 421; Andrews v. United States, 373 U. S. 334, 335, 83 S. Ct. 1236, 1237, 10 L. ed. (2d) 383, 385; United States v. Behrens, 375 U. S. 162, 165, 84 S. Ct. 295, 297, 11 L. ed. (2d) 224, 227.

[4]See, State v. Rainer, 258 Minn. 168, 175, 103 N. W. (2d) 389, 394; State v. Larson, 171 Minn. 246, 248, 213 N. W. 900, 901; 22 Minn. L. Rev. 734; Kadish, *The Advocate and the Expert—Counsel in the Peno-Correctional Process*, 45 Minn. L. Rev. 803, 806; Barrett, *Allocution*, 9 Mo. L. Rev. 115, 232; Judge Ralph H. Pharr, *On Sentencing: What a Judge Expects from Defense Counsel*, The Practical Lawyer, Oct. 1955, p. 76; Annotation, 113 A. L. R. 829.

defense counsel has an important role to play in the sentencing process. The United States Supreme Court has alluded to his obligation in Von Moltke v. Gillies, 332 U. S. 708, 721, 68 S. Ct. 316, 322, 92 L. ed. 309, 319. There the court stressed the service which a lawyer could have rendered the defendant "in calling to the court's attention any mitigating circumstances that might have inclined him to fix a lighter penalty for her."

To the same effect is the leading case of Willis v. Hunter (10 Cir.) 166 F. (2d) 721, 722, where the Tenth Circuit Court of Appeals, quoting from Batson v. United States (10 Cir.) 137 F. (2d) 288, 289, said:

"* * * Many considerations influence the length of a sentence which is to be imposed, and a defendant should have the opportunity to have his attorney present any mitigating circumstances to the court for its consideration in determining the weight of the sentence."

In reversing a conviction the Fifth Circuit Court of Appeals summarized in the following language the considerations which make it mandatory that defendant be represented at the time of sentencing (Martin v. United States [5 Cir.] 182 F. [2d] 225, 227, 20 A. L. R. [2d] 1236, 1239):

"The very nature of the proceeding at the time of imposition of sentence makes the presence of defendant's counsel at that time necessary if the constitutional requirement is to be met. There is then a real need for counsel. The advisability of an appeal must then, or shortly, be determined. Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the [defendant's] past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws. Any Judge with trial Court experience must acknowledge that such disclosures frequently result in mitigation, or even suspension, of penalty."

The Court of Appeals for the District of Columbia reached the same conclusion in Gadsden v. United States, 96 App. D. C. 162, 223 F. (2d) 627, and the appellate courts of New Jersey have thoroughly con-

sidered the question in Jenkins v. State, 57 N. J. Super. 93, 154 A. (2d) 29, reversed, 32 N. J. 109, 160 A. (2d) 25, where the problem was cogently summarized as follows (57 N. J. Super. 119, 154 A. [2d] 44):

"* * * From a defendant's standpoint the critical question then becomes, what price will the law require him to pay for his misdeeds?"

To the ordinary defendant it is not so much the conviction as the sentence which is crucial. Courts in Minnesota are given great latitude in fixing penalties. In the instant case the trial court had a choice of suspending sentence indefinitely, placing the relator on probation, limiting the term, or imposing a maximum sentence. Faced with these alternatives, it was relator's right to have presented to the court all of the mitigating factors which might reasonably justify a sentence less than the maximum. Here there was no presentence hearing to permit favorable consideration of relator's background, relator was given no opportunity to be heard, and counsel failed to speak on his behalf. The matter is therefore remanded for resentencing in the manner directed.

Remanded.

ROGOSHESKE, JUSTICE (concurring specially).

While there are undoubtedly circumstances tending to justify the procedure followed in appointing defense counsel, and also an explanation for counsel's belief that he was serving the best interests of defendant in requesting immediate sentence and commitment without revealing any facts that might be disclosed by a presentence investigation, the record under review does not contain them and I must therefore concur.