STATE EX REL. WILLIAM HERMAN KRAHN v. RALPH H. TAHASH.

144 N. W. (2d) 262.

July 15, 1966—No. 40,183.

William Herman Krahn, pro se, for appellant.
Robert W. Mattson, Attorney General, and Gerard W. Snell, Solicitor General, for respondent, warden of State Prison.

PER CURIAM.

Defendant, William H. Krahn, an inmate of the State Prison, seeks review of an order denying his petition for a writ of habeas corpus.

Defendant was tried and convicted of assault in the second degree. A presentence investigation was conducted and a report submitted to the trial judge, after which, on August 22, 1962, defendant, accompanied by counsel, appeared for sentencing. He was arraigned on a previous felony conviction to which he entered a plea of guilty after being advised that the offense subjected him to the penalties of the Habitual Offender Act. The court then imposed the maximum sentence without first determining whether defendant wished to say anything on his own behalf. Following an announcement of the sentence he intended to impose, the court admonished defendant, stated that he had given the matter careful thought, and concluded there was no alternative but to send defendant to the State Prison. After assuming this uncompromising position, the court asked defendant, "Did you have something you wanted to say?," to which defendant replied, "No, sir." At no time during this proceeding did defendant's counsel speak in his behalf nor is there any indication that defendant requested his counsel to remain silent.

There is no question but that defendant would be entitled to have his sentence vacated in accordance with State ex rel. Searles v. Tahash, 271 Minn. 304, 136 N. W. (2d) 70, were it not for the fact that the court had before it the presentence investigation and report. His belated inquiry as to whether defendant had something to say was, as a practical matter, an empty gesture made as it was only after sentence had been imposed and defendant had received an admonition which clearly did not invite discussion. As indicated in the Searles case, however, failure to afford the accused

an opportunity to speak on his own behalf does not require that the sentence be vacated if, by a presentence investigation, there is adequate assurance, as there was in this case, that the court took into account the defendant's version of the events leading to his conviction and other background information which is normally considered in mitigation of the penalty.

Affirmed.