## STATE EX REL. KENNETH ARTHUR HAAS v. RALPH H. TAHASH.*

146 N. W. (2d) 188.

November 4, 1966—No. 40,171.

*Kenneth Arthur Haas,* pro se, for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent, warden of State Prison.

SHERAN, JUSTICE.

Defendant pleaded guilty and was sentenced for the crimes of burglary, escape, and aggravated assault on March 13, 1964, by the District Court of McLeod County.

*Certiorari denied, 386 U. S. ——, 87 S. Ct. 893, 17 L. ed. (2d) 795.

Now, he appeals from an order of the District Court of Washington County denying a petition for habeas corpus. Appearing pro se, he contends that he was not afforded an adequate hearing before sentence and that the sentence was defective for failure on the part of the trial judge to direct a presentence investigation.

■ We have examined the proceedings in the district court in light of our decisions in State ex rel. Searles v. Tahash, 271 Minn. 304, 136 N. W. (2d) 70, and State ex rel. Krahn v. Tahash, 274 Minn. 567, 144 N. W. (2d) 262, and find defendant's claim that he was deprived of an opportunity to be heard in his own behalf before sentence to be contrary to the record.

■ Minn. St. 609.115, subd. 1, provides in part:

"When a defendant has been convicted of a felony, and a sentence of life imprisonment is not required by law, the court *may,* before sentence is imposed, cause a presentence investigation and written report to be made to the court concerning the defendant's individual characteristics, circumstances, needs, potentialities, criminal record and social history, the circumstances of the offense and the harm caused thereby to others and to the community. If the court so directs, the report shall include an estimate of the prospects of the defendant's rehabilitation and recommendations as to the sentence which should be imposed." (Italics supplied.)

Although the Advisory Committee for the 1963 Criminal Code recommended that presentence investigations be mandatory,[1] the legislature has expressed its will in the matter by substituting the word "may" as italicized in the quoted portion of § 609.115 for the word "shall" as proposed by the advisory committee.[2]

We are satisfied from our examination of the record that the absence of a presentence investigation in this case did not result in any deprivation of defendant's rights.

Affirmed.

---

[1] See, Advisory Committee Comment, 40 M. S. A. pp. 120 and 121.

[2] See, Minn. St. 645.44, subds. 15, 16; Comment by Professor Maynard E. Pirsig, 40 M. S. A. p. 123; 50 Minn. L. Rev. 479, 490, note 30.