## STATE v. JEFFREY S. HANSON.

231 N. W. 2d 104.

June 20, 1975—No. 44809.

*Davern & Larson* and *Carl R. Larson,* for appellant.

*Walter J. Duffy,* City Attorney, and *Michael G. Singer,* Assistant City Attorney, for respondent.

PER CURIAM.

Defendant was found guilty of reckless driving, a misdemeanor under Minn. St. 169.13, subd. 1, and sentenced to a maximum term by the Hennepin County Municipal Court without being afforded an opportunity to exercise his right of allocution. He appeals from the judgment of conviction. We remand for resentencing.

In a number of felony cases we have held that under the common law and under Minn. St. 631.20[1] a defendant is entitled to

---

[1] Minn. St. 631.20 provides: "After a plea or verdict of guilty, in a case where a discretion is conferred upon the court as to the extent of the

present mitigating circumstances before being sentenced except where the court has had the benefit of a presentence investigation or defendant by his testimony has presented his background and his version of the facts.[2] State ex rel. Knott v. Tahash, 281 Minn. 305, 161 N. W. 2d 617 (1968); State ex rel. Napiwoski v. Tahash, 278 Minn. 56, 153 N. W. 2d 138 (1967); State ex rel. Krahn v. Tahash, 274 Minn. 567, 144 N. W. 2d 262 (1966); State ex rel. Searles v. Tahash, 271 Minn. 304, 136 N. W. 2d 70 (1965).

Our cases do not support the state's arguments that the right of allocution is discretionary with the trial court, that it applies only to felonies, and is waived by defendant's failure to request it. In any event, the right is accorded misdemeanants by Rule 40, subd. 1, Hennepin County Municipal Court Special Rules of Procedure, which provides:

"The terms and conditions of every sentence shall be stated orally by the court to the accused, after the accused, or his attorney, has had an opportunity of allocution. Where multiple or successive sentences are in effect or given, the court shall declare them 'concurrent' or 'consecutive', and in the absence of any declaration, they shall be deemed to be 'concurrent'."

---

punishment, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily, at a specified time, and upon such notice to the adverse party as it may direct. Such circumstances shall be presented by the testimony of witnesses examined in open court."

[2] Rule 27.03, subd. 3, Minnesota Rules of Criminal Procedure, not yet in effect, provides: "Before pronouncing sentence, the court shall give the prosecutor and defense counsel an opportunity to make a statement with respect to any matter relevant to the question of the sentence. The court shall also address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information before sentence. The court shall not accept any communication relative to sentencing that is not on the record without disclosing the contents to the defense and to the prosecution."

Here the trial court did not have the benefit of a presentence investigation, and defendant did not take the stand in his own defense. By remaining mute he did not waive his right of allocution. Accordingly, the matter is remanded to permit allocution and for resentencing thereafter.