## STATE v. KIRK A. SCHENK.

249 N. W. 2d 461.

January 7, 1977—No. 45889.

C. *Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of simple robbery, Minn. St. 609.24, and was sentenced by the trial court to a maximum indeterminate term of 10 years' imprisonment. Defendant appeals from judgment of conviction and we affirm.

The first issue is whether the trial court erred in refusing to permit defense counsel to cross-examine police officers at the Rasmussen hearing about whether defendant was intoxicated at the time he made certain in-custody statements to police. This court has held in a number of cases that the Rasmussen hearing judge should consider evidence of intoxication as it bears on the question of defendant's mental competency to waive his rights. Jankord v. State, 290 Minn. 168, 186 N. W. 2d 530 (1971); State v. Kinn, 288 Minn 31, 178 N. W. 2d 888 (1970). In this case part of what defendant said to police—in fact, a very incriminating part—was not in response to any question by police and would have been admissible whether or not a Miranda warning had ever been given.[1] Jankord v. State, *supra*. This incriminating statement, along with other evidence of defendant's guilt, including the victim's testimony, makes the record of defendant's guilt so strong as to render harmless beyond a reasonable doubt any error that was committed in refusing to consider evidence of intoxication before admitting the statements defendant made in response to police interrogation. Id.

The second issue is whether the trial court erred in sentencing defendant without benefit of a presentence investigation. Minn. St. 1974, § 609.115, subd. 1, provides:

"When a defendant has been convicted of a felony, and a sentence of life imprisonment is not required by law, the court *may*, before sentence is imposed, cause a presentence investigation and written report to be made to the court * * *." (Italics supplied.)

Under this statute a presentence investigation is optional. State ex rel. Haas v. Tahash, 275 Minn. 257, 146 N. W. 2d 188 (1966). Rule 27.02, Rules of Criminal Procedure, which superseded this statute, continues this practice. The result is that the trial court has discretion in ordering presentence investigations and, although such investigations are usually desirable, we will not remand for resentencing when the trial court fails to order one unless the trial court has clearly abused its discretion. Here there was no abuse of discretion.

Affirmed.

---

[1] Specifically, defendant, when arrested, spontaneously told police that he had not robbed a gas station and had not even been at one. Up to this point, the police had not told defendant that it was a gas station he was accused of robbing.