STATE of Minnesota, Respondent,

v.

Michael Rande ARNDT, Appellant.

No. 46800.

Supreme Court of Minnesota.

Dec. 9, 1977.

C. Paul Jones, Public Defender, R. James McNulty, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, John O. Sonsteng, County Atty., Thomas H. Frost, Asst. County Atty., Hastings, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.St. 609.245, and was sentenced by the trial court to a maximum indeterminate term of 20 years in prison. On this appeal from judgment of conviction defendant contends (1) that he was prejudiced by the inadvertent elicitation of inadmissible evidence that he had an arrest record and by the prosecutor's cross-examination of him about his failure, when arrested, to give the police his version of what happened, and (2) that the trial court abused its discretion in refusing to order a presentence investigation and violated defendant's right to equal protection by giving him a harsher

sentence than that given his accomplice brother by a different judge. We affirm.

■ The state in its brief concedes that error was committed at trial when the prosecutor inadvertently elicited the evidence which indirectly revealed defendant's arrest record [*State v. Gluff*, 285 Minn. 148, 172 N.W.2d 63 (1969)] and when he cross-examined defendant about his failure to give his alibi to police when he was arrested [*Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)]. The issue, then, is not whether error was committed but whether it was prejudicial. Because of the combined seriousness of the errors we believe that the test that must be followed in determining this issue is whether the error was harmless beyond a reasonable doubt. *State v. Caron*, 300 Minn. 123, 218 N.W.2d 197 (1974). In view of the overwhelming evidence of defendant's guilt and the very weak defense offered by defendant, we conclude that the error was harmless beyond a reasonable doubt.

■ Although a presentence investigation probably would have been desirable, we do not believe that the trial court abused its discretion in refusing to order a presentence investigation. *State v. Schenk*, Minn., 249 N.W.2d 461 (1977). Defendant's contention that the court violated his right to equal protection of the laws by giving him a harsher sentence than his accomplice brother received from a different judge is answered negatively by this court's decision in *State v. Gamelgard*, 287 Minn. 74, 177 N.W.2d 404 (1970).

Affirmed.