STATE of Minnesota, Respondent,

v.

Clifton CRUISE, Appellant.

No. 48882.

Supreme Court of Minnesota.

June 15, 1979.

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by the court en banc without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of burglary, Minn.St. 609.58, subd. 2(1)(b), and was sentenced by the trial court to a limited maximum term of 10 years in prison. On this direct appeal from judgment of conviction defendant contends that the evidence of guilt was legally

insufficient and that the trial court abused its discretion in refusing a request for a presentence investigation before sentencing him. There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. Under Rule 27.02, subd. 1, Rules of Criminal Procedure, which is applicable in this case,[1] the trial court "has discretion in ordering presentence investigations and, although such investigations are usually desirable, we will not remand for resentencing when the trial court fails to order one unless the trial court abused its discretion." *State v. Schenk*, 311 Minn. 549, 550, 249 N.W.2d 461, 463 (1977). Here the court did not abuse its discretion in refusing a presentence investigation. We affirm.

Affirmed.

---

1. Rule 27.02, subd. 1, superseded Minn.St.1974, § 609.115, subd. 1, which also provided that presentence investigations were discretionary. *State v. Schenk*, 311 Minn. 549, 249 N.W.2d 461 (1977). We note that § 609.115 has recently been amended by L.1978, c. 723, art. II, § 3.