STATE of Minnesota, Respondent,

v.

Richard Edwin PETRICH, Appellant.

No. C9–92–441.

Court of Appeals of Minnesota.

Dec. 29, 1992.

Review Denied Feb. 23, 1993.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas D. Hayes, Sherburne County Atty., Nancy J. Logering, Dean Emanuel, Asst. Sherburne County Attys., Elk River, for respondent.

Allan H. Caplan, Harlan Goulett, Allan Caplan & Associates, P.A., Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and KLAPHAKE and FLEMING, JJ.

## OPINION

FLEMING, Judge *.

Appellant Richard Edwin Petrich was convicted of first and third degree criminal sexual conduct under Minn.Stat. §§ 609.-342, subd. 1(b) and 609.344, subd. 1(b) (1990). Appellant challenges his convictions on the ground that the trial judge committed prejudicial error by instructing the jury, absent appellant and counsel, that it had to reach a unanimous verdict.

## FACTS

Appellant was tried on charges of first and third degree criminal sexual conduct. The charges stemmed from allegations that appellant had sexual relations with a 14–year–old girl who babysat his children. Appellant admitted to having sex with the girl, but defended his actions primarily on the ground that the statute of limitations had run. There was conflicting testimony at trial about whether the contact occurred in the fall of 1983 or 1984. If the contact occurred in 1983, the statute of limitations barred conviction. The jury apparently believed the acts occurred in 1984, because it convicted appellant on both counts of criminal sexual conduct.

Appellant seeks reversal on the ground that the trial judge improperly answered a jury question in the absence of defense

counsel and appellant. After approximately eight hours of deliberations, the jury sent the judge a note asking, "What happens when the jury cannot reach a unanimous verdict on one element without a violence to your individual judgment?" The judge responded as follows:

I'm going to do two things. I will attempt to briefly answer the question, but I'm also going to reread a portion of the jury instruction to you. Okay?

First the rereading of the instruction. You should discuss the case with one another and deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. And you should decide the case for yourself, but only after you've discussed the case with your fellow jurors and have carefully considered their views. You should not hesitate to reexamine your views and change your opinion if you become convinced it's erroneous, but you should not surrender your honest opinion simply because other jurors disagree or merely in order to reach a verdict.

In answer to the question, the jury must reach a unanimous verdict whatever it is. That is the law and that is our system of justice.

After giving the instructions, the judge dismissed the jury for the evening. The next day, the jury deliberated 48 minutes before reaching a guilty verdict.

## ISSUE

Did the trial court commit prejudicial error when it instructed the jury, in the absence of defense counsel or the defendant, that it had to reach a unanimous verdict?

## ANALYSIS

During jury deliberations, the judge and jury should not communicate except "in open court and, where practicable, in the presence of counsel * * * and in criminal cases in the presence of the defendant." *State v. Schifsky*, 243 Minn. 533, 543, 69 N.W.2d 89, 96 (1955). The court should

* Retired judge of the district court, serving as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

give notice to the prosecutor and defense counsel before giving additional instructions to a jury. Minn.R.Crim.P. 26.03, subd. 19(3).

■ Where a trial judge communicates with a jury absent counsel, the reviewing court must look to the substance of the communication to see if the defendant was prejudiced. *See State v. Kindem,* 338 N.W.2d 9, 16–17 (Minn.1983), *cert denied,* 466 U.S. 974, 104 S.Ct. 2352, 80 L.Ed.2d 825 (1984). A new trial is required if the error was prejudicial, but not if it was harmless. *See State v. Shoop,* 441 N.W.2d 475, 480 (Minn.1989), *State v. Hysell,* 449 N.W.2d 741, 744–45 (Minn.App.1990). On appeal, the reviewing court must examine "all relevant factors" to determine whether, beyond a reasonable doubt, the error did not have a significant impact on the verdict. *Shoop,* 441 N.W.2d at 481. Reversal is appropriate if it appears that the error affected the outcome of the case. *Schifsky,* 243 Minn. at 544, 69 N.W.2d at 96.

One of the relevant factors to be examined is the strength of the evidence against appellant. *See Shoop,* 441 N.W.2d at 481. Appellant's trial occurred in December 1991. The key to conviction was whether the incident occurred in 1983 or 1984; appellant could be convicted only if the incident occurred on or after August 1, 1984. Witnesses gave conflicting testimony about the timing of the contact. The victim, L.L.P., testified that the contact occurred in the fall of 1984 when appellant's wife was gone for the weekend. Appellant's wife, however, who was separated from appellant at the time of the trial, denied that she was away from home during any weekend in the fall of 1984. Appellant told an investigator that he thought the incident occurred in the fall of 1984 or 1985.

The question "What happens when the jury cannot reach a unanimous verdict on one element without a violence to your individual judgment?" suggests that members of the jury had difficulty agreeing on what testimony to believe. The evidence against appellant on the timing issue was not overwhelming.

Other relevant factors include the substance and the timing of the judge's instructions. After nearly eight hours of deliberation, the jury asked the judge what to do if they could not reach a verdict without violating an individual juror's judgment. In response, the judge properly instructed the jury not to surrender their honest opinions simply because other jurors disagreed or merely to reach a verdict. However, the next remark nullified what came before. The judge said, "In answer to your question, the jury must reach a unanimous verdict whatever it is. That is the law and that is our system of justice."

■ This statement was error. A court should not tell a jury that a case must be decided. *State v. Martin,* 297 Minn. 359, 366–69, 211 N.W.2d 765, 769–70 (1973), *see also State v. Holly,* 350 N.W.2d 387, 390 (Minn.App.1984). Judges are not required to tell jurors that a deadlock is a permissible result of their deliberations; however, judges may not tell juries they must reach a verdict. *Martin,* 297 Minn. at 371–73, 211 N.W.2d at 772–73.

The danger of prejudice resulting from this statement was intensified by its timing. Instructions telling the jury they must reach a unanimous verdict are not so damaging when provided before jury deliberations begin. *See State v. Fidel,* 451 N.W.2d 350, 355 (Minn.App.1990), *pet. for rev. denied* (Minn. Apr. 13, 1990). These instructions are more damaging, however, when given to a jury that is deadlocked. By giving an erroneous instruction at a critical stage of the jury deliberations, the trial court was more likely to have coerced a minority of the deadlocked jurors into reaching a unanimous verdict. *Id.* We believe the trial court's erroneous instruction was prejudicial.

## DECISION

Because the relevant factors in this case do not lead us to conclude beyond a reasonable doubt that the trial court's erroneous instruction did not significantly affect the verdict, we reverse appellant's conviction.

Reversed.