**STATE of Minnesota, Respondent,**

v.

**Douglas Wayne YOUNG, Appellant.**

**No. C5–99–1416.**

Court of Appeals of Minnesota.

May 16, 2000.

Review Denied April 25, 2000.

**362**

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, for respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by SHUMAKER, Presiding Judge, CRIPPEN, Judge, and KLAPHAKE, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Douglas Wayne Young was tried on three counts of criminal sexual conduct. The jury informed the court that it could reach unanimous verdicts on two counts but not on the third and asked if that could be "a final outcome?" When the court instructed the jury that it could not, the jury returned verdicts of guilty on all counts.

At the sentencing, the court did not offer to Young an opportunity for allocution.

Young assigns as errors on appeal the trial court's refusal to permit a deadlock as to one count and the failure to offer an opportunity for allocution. We reverse.

## FACTS

After deliberating about six hours in Douglas Young's trial on three counts of criminal sexual conduct, the jury asked the court if it could return a split verdict:

If we (the jury) can agree unanimously on 2 counts, but cannot agree on one count [i.e., hung jury on one count, all 12 jurors agree on the other two counts] can this be a final outcome?

The court conferred with the prosecutor and defense counsel. Without objection from either attorney, the court sent a written reply to the jury, saying "No, please continue deliberating." Later, the jury returned verdicts of guilty on all counts.

At the sentencing, defense counsel told the court that he and his client were prepared to proceed:

Your Honor, I have had an opportunity to review the presentence investigation, as well as the confidential portion, and we are prepared for sentencing.

The court did not ask Young if he wanted to say anything. Neither Young nor his attorney requested an opportunity for allocution.

## ISSUES

1. Did the trial court commit reversible error when it instructed the jury that it could not conclude with a deadlock?

2. Did the trial court err by failing to give appellant an opportunity to exercise his right of allocution before sentencing?

## ANALYSIS

**Jury Instruction**

In a criminal case, it is permissible for the trial court to instruct the jury to "consult and deliberate with a view to reaching an agreement consistent with their individual judgments." *State v. Martin*, 297 Minn. 359, 373, 211 N.W.2d 765, 773 (1973). But it is not permissible for the court to tell the jury that it may not deadlock:

[I]t is reversible error in Minnesota to coerce a jury towards a unanimous verdict. A court, therefore, can neither inform a jury that a case must be decided, nor allow the jury to believe that a "deadlock" is not an available option.

*State v. Jones*, 556 N.W.2d 903, 912 (Minn. 1996) (citation omitted). *See also State v. Peterson*, 530 N.W.2d 843, 846 (Minn.App. 1995) (instruction that jury would be sequestered until it reached a verdict is coercive and reversible error); *State v. Petrich*, 494 N.W.2d 298, 300 (Minn.App.1992) (instruction that jury must reach a unanimous verdict is reversible error), *review denied* (Minn. Feb. 23, 1993).

Contending that the trial court's instruction here was not erroneous, the state relies on *Jones*, 556 N.W.2d 903, and *State v. Buggs*, 581 N.W.2d 329, 338 (Minn.1998). In *Jones*, when the jury indicated that it had reached an impasse after deliberating for one day, the trial court instructed it to continue deliberating. *Jones*, 556 N.W.2d at 907. The next day, when the jury said that it was still at an impasse, the court read CRIMJIG 3.04.[1] *Id.* at 908. This instruction adequately described the jury's role and duty and, as such, was not coercive. *Id.* at 912.

In *Buggs*, 581 N.W.2d 329, the trial court read CRIMJIG 3.04 in its final charge. During deliberations, the jury twice requested information about testimony and police reports. *Id.* at 337. The court denied the requests and told the jury to try to resolve its concerns without the requested information. *Id.* When the jury later said that it could not reach a unanimous verdict without certain information, the court instructed, "[c]ontinue to try to work through your impasse." *Id.* The instruction was not coercive because it "would not lead the jury to conclude they were required to deliberate until a unanimous verdict was reached * * *." *Id.* at 338.

If a trial court believes a jury is unable to agree, it "may require the jury to continue their deliberations and may give or repeat an instruction * * *." *Id.* at 337–38 (quoting *State v. Kelley*, 517 N.W.2d 905, 909 (Minn.1994) (quoting A.B.A. Standards for Criminal Justice § 15–4.4(b)(1986)).

The trial courts in *Jones* and *Buggs* gave proper, noncoercive instructions when the juries indicated that they were deadlocked. In contrast, the trial court here clearly informed the jury that a deadlock was not a permissible outcome. This was reversible error.

### Right of Allocution

Before the court pronounces sentence, it must allow the prosecutor and defense attorney an opportunity to make statements relevant to the sentence. Minn. R.Crim. P. 27.03, subd. 3. The court must separately offer the defendant an opportunity for allocution:

> The court shall also address the defendant personally and ask if the defendant wishes to make a statement in the defendant's own behalf and to present any information before sentence * * *.

*Id.* Here, the trial court did not separately address Young and did not offer to him an opportunity to comment on sentencing issues. The state argues that the court had the benefit of a presentence investigation report that contained Young's view of the case. Nevertheless, the rule is clear. A defendant has a right to allocution before the court imposes sentence. The court erred in not extending that right to Young. *See State ex rel. Thunstrom v. Tahash*, 283 Minn. 239, 244, 167 N.W.2d 139, 144 (1969), citing *State ex rel. Searles v. Tahash*, 271

---

1. In order for you to return a verdict, whether guilty or not guilty, each juror must agree with the verdict. Your verdict must be unanimous.

You should discuss the case with one another, and deliberate with a view to reaching agreement, if you can do so without violence to your individual judgment. You should decide the case for yourself, but only after you have discussed the case with your fellow jurors and have carefully considered their views. You should not hesitate to reexamine your views and change your opinion if you become convinced they are erroneous, but you should not surrender your honest opinion simply because other jurors disagree or merely in order to reach a verdict.

*10 Minnesota Practice*, CRIMJIG 3.04 (1990).

Minn. 304, 136 N.W.2d 70 (1965) (a defendant who interposes a plea of guilty must be provided with an opportunity to present mitigating facts, circumstances, and arguments to the sentencing court).

Young also challenges the sufficiency of the evidence to support the verdicts. Because we have held that the coercive jury instruction was reversible error, we need not address this issue.

### DECISION

The trial court committed reversible error when it instructed the jury that a deadlock was not a permissible outcome in the case.

The trial court erred by failing to allow appellant an opportunity to exercise his right of allocution.

**Reversed and remanded.**