*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0311**

State of Minnesota,
Respondent,

vs.

Heath Jarrette Allen, III,
Appellant.

**Filed January 17, 2017
Affirmed in part and remanded
Rodenberg, Judge**

Hennepin County District Court
File Nos. 27-CR-15-11914, 27-CR-15-12370

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Halbrooks, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Heath Jarrette Allen, III, challenges his conviction of three counts of aggravated first-degree robbery and one count of aggravated first-degree assault. Appellant argues that the district court reversibly erred both by denying him allocution

before it imposed a sentence and by sentencing him on two convictions that arose from the same behavioral incident. We affirm in part and remand for resentencing.

## FACTS

This appeal arises from crimes committed by appellant and an accomplice on two separate dates. On April 18, 2015, appellant and an accomplice followed two men off of a public bus in Minneapolis. Appellant punched both men in the head, causing them to fall to the ground, and then took their property. On April 19, 2015, appellant and the same accomplice followed a man out of a store in Minneapolis. Appellant punched the man in the face, causing him to fall to the ground, and then kicked him in the head multiple times, fracturing his skull. Appellant then took the man's property.

Appellant was charged with two counts of aggravated first-degree robbery for the April 18 incident, and one count of aggravated first-degree robbery and one count of first-degree assault for the April 19 incident. Appellant pleaded guilty to all four counts.

At sentencing, appellant testified concerning his personal history, mental health issues, treatment plan, and plan for avoiding future problems with the law. Appellant's social worker, a community specialist from the YMCA who had been working with appellant since before his arrest, also testified about her work with appellant, his contrition for his past actions, and her belief that he would be amenable to probation.

The state had mentioned at the outset of the sentencing hearing that it had four community-impact statements it planned to read into the record. After the witnesses' testimony, appellant's attorney stated that he was "prepared for final argument." But the district court, without any objection, went directly to sentencing, affording neither the

attorneys nor appellant arguments or allocution, and without giving time to the state to read the referenced community-impact statements.

Before the district court announced appellant's sentence, it discussed appellant's mental-health issues and how these issues affect his decision-making skills. The district court also discussed appellant's past probation and the rehabilitation programs in which he had been involved as a juvenile. The district court mentioned appellant's remorse for his crimes and his desire to "do well in life," but it did not think the available treatment options could rehabilitate him. The district court then sentenced appellant to prison terms of 58 and 68 months for the April 18 aggravated-robbery charges, and 160 months for the April 19 assault and aggravated robbery charges, with all sentences to run concurrently. There was no objection at the hearing to the pronounced sentence.

This appeal followed.

**D E C I S I O N**

**I.    Right of allocution**

The parties agree on appeal that the district court erred by failing to give appellant time to speak immediately before sentencing. Respondent argues that the error was not prejudicial.

"Before pronouncing sentence, the court must allow statements from . . . the prosecutor, victim, and defense counsel . . . [and] the defendant, personally." Minn. R. Crim. P. 27.03, subd. 3. A district court errs when it does not allow a defendant his right to allocution before it imposes a sentence. *State ex rel. Searles v. Tahash*, 271 Minn. 304, 136 N.W.2d 70 (1965); *State v. Young*, 610 N.W.2d 361, 363 (Minn. App. 2000), *review*

3

*denied* (Minn. Apr. 25, 2000).  However, such error does not require reversal if "by a presentence investigation, there is adequate assurance . . . that the court took into account the defendant's version of the events leading to his conviction and other background information which is normally considered in mitigation of the penalty."  *State ex rel. Krahn v. Tahash*, 274 Minn. 567, 568, 144 N.W.2d 262, 263 (1966).

Here, the district court had a presentencing report at its disposal when it sentenced appellant.  It also expressly relied on that report and discussed in detail appellant's history of mental illness, treatment, and continued susceptibility to being persuaded to participate in crimes.  The district court also followed the presentencing report's suggestion that appellant be sentenced to a "top-of-the-box" sentence of 160 months.  Because the district court received and took into account appellant's background as presented in the presentencing report, its error in not affording appellant the right of allocution was harmless.

## II. Sentencing for charges arising out of the same behavioral incident

The parties agree that both counts charged for the April 19 assault (case file 27-CR-15-11914) arose from the same behavioral incident, and that we should remand to the district court for resentencing.

"[I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them."  Minn. Stat. § 609.035, subd. 1 (2014).  The Minnesota Supreme Court has interpreted this statute to prohibit multiple sentences for crimes that arose out of a "single behavioral incident."  *State v.*

4

*Bauer*, 792 N.W.2d 825, 827 (Minn. 2011). When all crimes at issue contain an intent element, they arise from a single behavioral incident if they (1) "occurred at substantially the same time and place" and (2) were "motivated by an effort to obtain a single criminal objective." *State v. Bakken*, 883 N.W.2d 264, 270 (Minn. 2016) (quotations omitted). "This statute is intended to protect defendants from multiple punishment and to thereby ensure that punishment is commensurate with the defendant's criminality." *State v. Edwards*, 774 N.W.2d 596, 605 (Minn. 2009).

"Whether the offenses were part of a single behavioral incident is a mixed question of law and fact, so we review the district court's findings of fact for clear error and its application of the law to those facts de novo." *Bakken*, 883 N.W.2d at 270.

Appellant was sentenced for two crimes with an intent element for his assault and robbery of one person on April 19. Both crimes occurred within seconds of each other and had the singular criminal objective of appellant stealing the victim's property. Given these undisputed facts, the April 19 robbery and assault charges arose out of the same behavioral incident, and the district court erred by sentencing appellant on both counts. We therefore remand case file 27-CR-15-11914 for resentencing, and direct the district court on remand to vacate one of the sentences and resentence defendant on only one of the counts.[1]

**Affirmed in part and remanded.**

---

[1] Appellant also argues on appeal that the district court erred by upwardly departing from the recommended sentence for the robbery charges without making appropriate findings to justify the upward departure. The district court should address this issue on remand. The district court shall, in resentencing appellant, afford him the right of allocution as required by law.