THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SZYMKIEWICZ, Appellant.— Judgment of the Supreme Court, Kings County, rendered April 10, 1968, as amended upon resentence on April 25, 1968, modified, on the law, by deleting the sentences for the two misdemeanors and by substituting therefor respective sentences of unconditional discharge. As so modified, amended judgment affirmed. In our opinion the court is not permitted, under the new Penal Law, to suspend sentence. That type of sentence was replaced by the sentence of unconditional discharge (see Penal Law, § 65.20). We have examined defendant's contention that his sentence for the felony was excessive and find it to be without merit. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARY WEBB, Appellant.— Judgment of the Supreme Court, Kings County, rendered May 3, 1966, affirmed. In our opinion, defendant was not deprived of his rights under section 480 of the Code of Criminal Procedure. The proper allocution was rendered by the clerk upon both the initial sentencing and the resentencing necessitated by the earlier imposition of an incorrect sentence. On both occasions defendant indicated that he desired to have his attorney speak for him (see *People* v. *Kadin*, 23 A D 2d 699). When, upon the initial arraignment, the court properly refused to confer with defendant in chambers, it was obvious that defendant had the opportunity to express himself in open court if he so desired. There is no indication in the record that defendant, upon resentence, renewed his request personally to address the court. In any event, no such opportunity had to be afforded him at that time. The requirements of section 480 do not extend to a resentencing conducted for the purpose of correcting an earlier sentence, particularly where, as here, the resentencing was conducted shortly after the initial sentencing (*People* v. *Waterman*, 5 A D 2d 717). Moreover, it does not appear that the requirements of section 480 or the common law from which the statute has been derived have been extended to misdemeanor proceedings (*People* v. *Kaminsky*, 208 N. Y. 389). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.