787 P.2d 455

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Kenneth J. STENZ, Defendant–Appellant.**

No. 11403.

Court of Appeals of New Mexico.

Jan. 4, 1990.

Certiorari Denied Feb. 7, 1990.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BIVINS, Chief Judge.

Defendant appeals his conviction for misdemeanor aggravated battery. He raises three issues: (1) ineffectiveness of his trial counsel; (2) insufficiency of the evidence to support his conviction; and (3) his right to allocution at sentencing for the misdemeanor. We affirm.

Officer Elam received a call at 11:10 p.m. regarding a possible gunshot wound. When he arrived at the scene, he found the victim, who had been shot near the eye

with what the victim and his two companions believed was a pellet rifle. The victim and his companions testified they had been shooting fireworks when defendant appeared and told them to stop. Two of the boys believed they saw a rifle or some type of gun in defendant's hands. The third boy saw something he thought might be a stick or rifle. The boys told Officer Elam where defendant lived.

Officer Elam testified that, after the victim and his companions were sent to the hospital, he approached the front door of defendant's home and knocked, but no one answered. The door was slightly ajar and there were no lights on inside. Officer Elam testified he heard noises inside the house. He called for backup because he believed the person who did the shooting was inside the house. After the other officers arrived, they surrounded the house while Officer Elam and three other officers entered. Defendant was not in the house. Officer Elam found a pellet gun in the bedroom and seized it. This gun was admitted as evidence at trial.

Defendant was convicted and sentenced in magistrate court. He appealed his conviction to the district court, where he was tried de novo and again convicted and sentenced. He now appeals that conviction.

## Ineffective Assistance of Counsel

The test for ineffective assistance of counsel is whether counsel exercised the skill of a reasonably competent attorney. *State v. Talley*, 103 N.M. 33, 702 P.2d 353 (Ct.App.1985). Defendant has the burden of proving the incompetence of his counsel and prejudice resulting from this incompetence. *Id.* In the present case, defendant asserts he was denied effective assistance of counsel based on trial counsel's failure to move to suppress the admission of the pellet gun into evidence.

Although defendant testified that he owned a pellet gun and went outside with the gun on the night of the shooting, he argues this testimony was compelled by the admission of the gun into evidence. He asserts the admission of the gun was preju-

dicial because of the circumstantial nature of the evidence against him. Because we determine that defense counsel's failure to move for the suppression of the pellet gun does not demonstrate incompetence, we need not reach the prejudicial effect, if any, of this failure.

A trial counsel is not incompetent for failing to make a motion when the record does not support the motion. *See State v. Helker*, 88 N.M. 650, 545 P.2d 1028 (Ct. App.1975), *cert. denied*, 429 U.S. 836, 97 S.Ct. 103, 50 L.Ed.2d 102 (1976). *See also State v. Sanchez*, 98 N.M. 781, 652 P.2d 1232 (Ct.App.1982). We examine the law and the facts to determine if a reasonably competent attorney could have decided that a motion to suppress was unwarranted.

■ A warrantless search may be justified by probable cause and exigent circumstances. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *State v. Burdex*, 100 N.M. 197, 668 P.2d 313 (Ct.App.1983); 2 W. LaFave, *Search and Seizure* § 6.1(f) (2d ed. 1987). In *Warden*, the United States Supreme Court agreed that neither the entry without warrant to search for the robber, nor the search for him without a warrant, was invalid. It said that, under the circumstances of the case, " 'the exigencies of the situation made that course imperative'." *Id.* 387 U.S. at 298, 87 S.Ct. at 1645 (quoting *McDonald v. United States*, 335 U.S. 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948)). In *Warden*, the police were informed that an armed robbery had taken place, and that the suspect had entered a certain residence less than five minutes before they reached it. The Court held they acted reasonably when they entered the house and began to search for a man of the description they had been given and for weapons which he had used in the robbery or might use against them. The Court went on to say that the fourth amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others.

In the present case, the police had received a call to investigate a shooting and found the victim bleeding from a gunshot wound. The victim and his companions directed Officer Elam to defendant's home as the direction from which the shot came. Officer Elam found the door ajar and the lights off. He heard noises inside the home. Although defendant argues he had left the house and the noises were made by animals inside the house, it was reasonable for Officer Elam to believe defendant was armed and inside the house when he called for backup and entered the house. Based on these facts, a reasonably competent defense counsel could determine there was no basis in the record for a motion to suppress the pellet gun. *See State v. Helker; State v. Sanchez.*

Defendant's attempt to distinguish *Helker* is not persuasive. Although counsel in *Helker* moved to suppress the defendant's confession at trial, he had not moved for suppression of the confession prior to trial and did not call any witnesses to make his offer of proof concerning the involuntariness of the confession. This court determined the failure to have a suppression hearing prior to trial and the failure to request instructions on the issues of voluntariness, intoxication, and diminished capacity, which would not have been supported by the record, did not constitute ineffective assistance of counsel.

Defendant relies on *People v. Ibarra*, 60 Cal.2d 460, 386 P.2d 487, 34 Cal.Rptr. 863 (1963) to support his argument that failure to move for suppression constitutes ineffective assistance of counsel. In *Ibarra*, defense counsel's failure to object to the admission of heroin was a result of his failure to research the applicable law. The court found that this precluded his exercise of judgment. In *Ibarra*, however, the motion to suppress would have been meritorious. We are not persuaded defendant was denied effective assistance of counsel based on the failure to move for the suppression of the pellet gun.

■ Defendant also argues, pursuant to *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct.App.1985), that he was denied effective

assistance of counsel by his counsel's failure to provide a zealous defense, to call the treating physician and other defense witnesses, and to object to improper statements by the prosecutor. We note defendant's trial counsel conducted cross-examination and called defendant and another witness on defendant's behalf. We are not prepared to say defense counsel failed to exercise the skill of a reasonably competent attorney. Moreover, as Judge Hartz pointed out in his specially concurring opinion in *State v. Crislip*, 109 N.M. 351, 785 P.2d 262 (Ct.App.1989) "[a]ppellate courts can spend considerable time and effort attempting to determine why an attorney acted in a particular manner, when an adversary proceeding . below could have resolved the question conclusively." *Id.*, Hartz, J., special concurrence at 351, 785 P.2d 262. He suggested that in order to avoid the inefficiency and potential error caused by appellate courts resorting to speculation whenever substantial claims of ineffective assistance of counsel are raised on direct appeal from a judgment or conviction, we should either remand for a hearing on the matter or require defendant to resort to a post-conviction remedy under SCRA 1986, 5–802. Because Rule 5–802 provides a method for the defendant to present in a · post-conviction proceeding a record establishing ineffective assistance of counsel, remands would be appropriate only in very limited situations, such as when the trial record establishes a prima facie case of ineffective assistance of counsel, but the state has not had an opportunity to present evidence to rebut that prima facie case. In light of the fact that this alternate claim was made pursuant to *Boyer* and does not appear to be substantial, remand is not indicated; however, in future cases we will not hesitate to pursue those alternatives when warranted. We determine defendant was not denied effective assistance of counsel. *See State v. Talley.*

### Sufficiency of the Evidence

■ Defendant challenges the sufficiency of the evidence to support the judgment, pursuant to *Boyer*. On appeal, the evidence is to be viewed in the light most favorable to the judgment, and all reasonable inferences will be indulged in favor of the judgment. *State v. Fish*, 101 N.M. 329, 681 P.2d 1106 (1984). Defendant was convicted of violating NMSA 1978, Section 30–3–5(B) (Repl.Pamp.1984), which defines misdemeanor aggravated battery as infliction of an injury to a person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body. There was evidence that defendant came out of his house about 10:45 p.m. with a rifle or other gun in his hand and shouted at the victim and his companions to "go somewhere else and play," after they had been shooting off fireworks. The victim and his companions continued to shoot off the fireworks, and five or ten minutes later the victim was struck near the eye with a pellet as a noise was heard from the direction of defendant's house. There was also evidence that a man identifying himself as Ken Stenz called the victim's father early one morning and offered to pay money if the case against him was dropped. The voice was a male adult voice.

Although defendant testified he did not fire the gun or any weapon that night, and did not make any phone call to the victim's residence, the trier of fact could disregard defendant's version of events. *See State v. Gattis*, 105 N.M. 194, 730 P.2d 497 (Ct.App. 1986). Although circumstantial, the evidence was sufficient for a reasonable mind to infer defendant shot the victim with the pellet gun. *See* SCRA 1986, 14–5001; *State v. Sanchez*, 98 N.M. 428, 649 P.2d 496 (Ct.App.1982) (circumstantial evidence sufficient to support conviction for unlawful taking of motor vehicle).

### Right to Allocution.

In the present case, the district court found defendant guilty of the charges and immediately proceeded to sentencing. Although the district court judge asked the prosecutor and defense counsel if they had any comments as to the proper disposition of defendant, defendant himself was not

**540**

offered an opportunity to address the court prior to sentencing.

The New Mexico Supreme Court has clearly stated that under NMSA 1978, Section 31–18–15.1 (Repl.Pamp.1987), a trial judge must give the defendant an opportunity to speak before pronouncing sentence for non-capital felony convictions. *Tomlinson v. State*, 98 N.M. 213, 647 P.2d 415 (1982). This interpretation of the statute was recognized as an extension of the common law right to allocution in capital cases. *Id. Cf. State v. Haar*, 94 N.M. 539, 612 P.2d 1350 (Ct.App.) (a defendant must be allowed to effectively challenge the reliability of material information introduced at a dispositional hearing, but has no right to know the specific recommendations of the probation office), *cert. denied*, 449 U.S. 1063, 101 S.Ct. 787, 66 L.Ed.2d 606 (1980).

█ Defendant argues, relying on *Tomlinson* and *Haar*, that he was denied due process of law by the trial court's failure to offer him the opportunity to speak before pronouncing sentence on his misdemeanor conviction. We determine that, in the absence of a statute or rule requiring allocution in misdemeanor cases, it was not error for the trial court to fail to offer defendant an opportunity to speak before sentencing.

This result does not offend the original purpose behind the common law doctrine of allocutus. As stated in *Tomlinson*, this purpose was to afford a defendant who did not have the benefit of counsel and who could not present evidence on his own behalf the opportunity to state why the court should not impose the death penalty. *Id.* 98 N.M. at 214, 647 P.2d at 416. It is also consistent with the law in other jurisdictions. *See generally* Annotation, *Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him*, 96 A.L.R.2d 1292, §§ 4[c], 10[b] (1964).

We have found no cases granting defendants in misdemeanor cases a common law right to allocution in the absence of a statute or rule. *See People v. Webb*, 31 A.D.2d 754, 297 N.Y.S.2d 499 (1969) (statutory or common law requirement of allocution not extended to misdemeanors). *See also Bowles v. State*, 168 Ga.App. 763, 310 S.E.2d 250 (1983), *cert. denied*, 465 U.S. 1112, 104 S.Ct. 1619, 80 L.Ed.2d 148 (1984) (statute provided for allocution in felony cases); *State v. Hanson*, 304 Minn. 415, 231 N.W.2d 104 (1975) (defendant was entitled to allocution based on a municipal court rule according defendants this right in misdemeanor cases). *Cf. City of Columbus v. Herrell*, 18 Ohio App.2d 149, 247 N.E.2d 770 (1969) (allocution statute imposed mandatory duty in misdemeanor as well as felony cases).

Section 31–18–15.1 clearly concerns only the alteration of the basic sentences for felony convictions. Subsection A refers to the sentences in NMSA 1978, Section 31–18–15 (Repl.Pamp.1987) setting forth the basic sentences for various degrees of felonies. Subsections B and C specifically refer to felony convictions only. Defendant concedes there is no rule or statute in the district or magistrate courts specifically requiring the court to provide defendants in misdemeanor cases the right to speak before sentence is pronounced. Furthermore, we are not convinced public policy supports granting defendants an absolute right to allocution in misdemeanor cases where a defendant has been represented by counsel and has taken the stand in his own defense.

Therefore, in the absence of such a statute or rule, we determine the district court was not required to offer defendant the opportunity to speak before sentencing. *Cf. Tomlinson v. State.*

The judgment and sentence are affirmed.

IT IS SO ORDERED.

ALARID and HARTZ, JJ., concur.