This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Dispositional Order of Affirmance Number:**

**Filing Date: August 4, 2014**

**NO. 33,975**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**HORACE CARLOS SOLOMON, JR.,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
Fernando R. Macias, District Judge

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

**DISPOSITIONAL ORDER OF AFFIRMANCE**

**BOSSON, Justice.**

**{1}** This direct appeal having come before the Supreme Court from a Third Judicial District Court's order and sentencing, and every member of the Court having considered the briefs, and being otherwise fully informed on the issues and applicable law; and

**{2}** The members of the Court having concurred that there is no reasonable likelihood that a decision or opinion would affect the disposition of this appeal or advance the law of the State; and

**{3}** The members of the Court having agreed to invoke the Court's discretion under Rule 12-405(B)(1) NMRA to dispose of a case by order, decision, or memorandum opinion rather than formal opinion;

**IT IS THEREFORE ADJUDGED THAT:**

**{4}** Defendant Horace Carlos Solomon appeals to this Court following his conviction by a jury for first degree murder, kidnapping, child abuse (two counts), false imprisonment (two counts), aggravated burglary, and interference with communications. The district court sentenced Defendant to a total term of life imprisonment for the first degree murder conviction plus forty years and one hundred

eighty one days for the remaining convictions.

{5} On appeal, Defendant argues that the district court erred (1) in not ordering Defendant to submit to a mental health evaluation to determine whether he was competent to stand trial; (2) in denying Defendant's request for jury instructions on diminished capacity and self defense; (3) in denying Defendant's motion for a directed verdict; (4) in dismissing the felony murder conviction; and (5) in denying the State's request for a continuance. Defendant also advances an ineffective assistance of counsel argument on appeal based on defense counsel's failure to file a motion requesting a mental evaluation. We first address Defendant's argument that the district court erred when it did not order an evaluation to determine Defendant's competency to stand trial, and then proceed to the other issues.

**District Court Did Not Abuse Its Discretion by Not Ordering a Mental Health Evaluation**

{6} NMSA 1978, Section 31-9-1 (1993) provides that "[w]henever it appears that there is a question as to the defendant's competency to proceed in a criminal case, any further proceeding in the cause shall be suspended until the issue is determined." NMSA 1978, Section 31-9-2 (1967) provides that "[u]pon motion of any defendant, the court shall order a mental examination of the defendant before making any determination of competency . . . ."

2

{7} Our rules of criminal procedure provide that "[t]he issue of the defendant's competency to stand trial shall be determined by the judge, unless the judge finds there is *evidence which raises a reasonable doubt* as to the defendant's competency to stand trial." Rule 5-602(B)(2) NMRA (emphasis added). However, Rule 5-602(C) provides that "[u]pon motion and upon good cause shown, the court shall order a mental examination of the defendant before making any determination of competency under this rule." Even so, the district court "may decide that there is no reasonable doubt as to the defendant's competency to stand trial . . . . Such a determination is only subject to review for abuse of discretion." *State v. Noble*, 1977-NMSC-031, ¶ 7, 90 N.M. 360, 563 P.2d 1153.

{8} As our Court of Appeals has observed, the district court does not have an "affirmative duty . . . to order a mental examination [when] determining the issue of competency." *State v. Hovey*, 1969-NMCA-049, ¶ 14, 80 N.M. 373, 456 P.2d 206. Section 31-9-1 requires the district court to determine the issue of competency when the defendant's competency is *questioned*. But, defense counsel's mere assertion that a defendant may be incompetent does not raise a question, "even though the assertion is [made] in good faith." *See Hovey*, 1969-NMCA-049, ¶ 18 (analyzing statutes that

3

provided for a determination of a defendant's competency).[1]

{9} In *Hovey*, defense counsel "'wondered' about [the defendant's] competency to stand trial and wanted further investigation . . . based on [the defendant's] appearance on the stand and his testimony." *Hovey*, 1969-NMCA-049, ¶ 19. Reviewing the record, the Court of Appeals determined that "the 'wondering' about [the defendant's] mental capacity [was] based solely on counsel's impression." *Id.* ¶ 21. Further, defense counsel "never asserted he believed his client *was* incompetent to stand trial. He only *wondered* about it." *Id.* ¶ 22 (emphasis added). Also, defense counsel made "no claim . . . that [the defendant] did not understand the nature of the charge against him or could not assist counsel in the preparation and defense of the case." *Id.*

{10} More recently, in *State v. Flores*, 2005-NMCA-135, ¶ 29, 138 N.M. 636, 124 P.3d 1175, our Court of Appeals correctly observed that a district court may consider defense counsel's observations and opinions, "but that those observations and opinions alone cannot trigger reasonable doubt about the defendant's competency." The Court of Appeals noted that expert testimony was not required, but "an affidavit from someone who has observed the defendant and formulated an opinion about his

---

[1]While *Hovey* analyzed NMSA 1953, Sections 41-13-3.1 and -3.2 (Repl. Vol. 6, Supp. 1967), the predecessors to Sections 31-9-1 and -2, the analysis is applicable to this case as the language and substance of the statutes are sufficiently similar.

or her competency, such as a corrections officer or defense counsel's paralegal" might suffice. *Id.* ¶ 31.

{11}    In this case, defense counsel filed a motion to "extend[] the deadline to file motions, conduct witness interviews, and to continue the jury trial" on September 7, 2012. As support, the motion asserted that Defendant "has been a difficult client to deal with and possibly suffers from mental illness." On September 18, 2012 at the hearing on the motion, defense counsel asserted that Defendant "seems to exhibit some characteristics that give rise to the question of his competency," in particular, defense counsel indicated that this concern was based on Defendant's refusal to be interviewed by a psychiatrist or communicate with defense counsel's legal team. Defense counsel did not produce any evidence other than his observations or opinions that there might be a question regarding Defendant's competency. In short, no evidence was offered that Defendant was not competent to stand trial.

{12}    Further, defense counsel did not submit a motion for a competency evaluation even though the district court mentioned, and defense counsel acknowledged, this option at the September 18, 2012 hearing. *See* Rule 5-602(C) (providing for a mental examination upon a motion and showing of good cause) Instead, on October 3, 2012 defense counsel submitted a motion to withdraw citing, among other grounds: (1) the

5

attorney/client relationship had dissolved; (2) Defendant failed to stay in touch with defense counsel and had refused communication from defense counsel; and (3) against defense counsel's advice, Defendant refused to participate in a forensic psychological evaluation.

**{13}** At the hearing on the motion to withdraw, Defendant stated that his "mind is as sound as anyone in this courtroom today" and that his "mental acuity is as sharp as anyone here today." The district court denied the motion to withdraw and noted that Defendant had the right to refuse the mental evaluation. The district court added further that it never "had . . . any question in terms of [Defendant's] competency or [his] understanding of these processes." Again, defense counsel did not offer anything more than his observations or opinions regarding Defendant's competency.

**{14}** Because defense counsel only suggested that Defendant may have a mental health issue and provided no supporting evidence, we hold that the district court did not abuse its discretion when it found no reasonable doubt that Defendant was competent to stand trial.

**{15}** Defendant's ineffective assistance of counsel claim rests on the fact that defense counsel did not file a motion requesting a mental evaluation to determine whether Defendant was competent to stand trial. As discussed above, defense counsel knew

6

that filing such a motion was an option, albeit one that he did not exercise. There are numerous reasons that defense counsel may not have filed a motion questioning Defendant's competence to stand trial, including counsel's determination that the motion would be groundless or unsuccessful. *See State v. Stenz*, 1990–NMCA–005, ¶ 7, 109 N.M. 536, 787 P.2d 455 ("A trial counsel is not incompetent for failing to make a motion when the record does not support the motion."). In this case, the"facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition." *State v. Roybal*, 2002–NMSC–027, ¶ 19, 132 N.M. 657, 54 P.3d 61. Defendant is free to raise the issue of ineffective assistance of counsel in a subsequent habeas corpus petition.

**District Court's Denial of the Request for Jury Instructions on Diminished Capacity and Self Defense Was Not Error**

{16}     Defendant argues that the district court erred by denying his request for jury instructions on diminished capacity and self defense. Defendant introduced no evidence and did not testify. In short, Defendant presented no defense. Defendant did not introduce any evidence to support a finding that he had a diminished capacity based on intoxication at the time the murder occurred, nor did he introduce any evidence to support a finding that he acted in self-defense. Based on this record, it was not error for the district court to deny Defendant's request for jury instructions on

diminished capacity and self-defense. Defendant's argument is without merit.

**District Court Properly Vacated Defendant's Felony Murder Conviction**

{17}     The grand jury indicted Defendant for first degree murder, willful and deliberate, or *in the alternative*, felony murder. Defendant argues that the district court erred when it allowed the State to dismiss the first degree felony murder conviction, instead of vacating the underlying predicate felony convictions of kidnapping and aggravated battery. Because the jury convicted Defendant of both willful and deliberate first degree murder and felony murder the district court appropriately *vacated* Defendant's felony murder conviction. Once felony murder is vacated, Defendant has no basis to challenge the underlying predicate felonies.

**District Court's Denial of the State's Motion for Continuance Was Not an Abuse of Discretion**

{18}     Defendant argues that the district court abused its discretion in denying the State's request for a continuance, "especially where [Defendant's] mental health and competency were in significant controversy." It appears that Defendant is referring to the State's motion for continuance on October 18, 2012, which mentions Defendant's earlier motion for a continuance in which defense counsel asserted that he "believed [Defendant] *may* have a mental illness" (emphasis added). However, contrary to the suggestion in Defendant's brief in chief, it does not appear that the State shared

8

defense counsel's concern. Based on the record, the district court did not abuse its discretion when it denied the State's motion for continuance.

**{19}** **WE AFFIRM.**

**{20}** **IT IS SO ORDERED.**

_____
**RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____
**BARBARA J. VIGIL, Chief Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**

9