This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF GALLUP,**

Plaintiff-Appellee,

**v.**                                                    **No. 35,142**

**MICHAEL C. ARVISO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Mason & Isaacson
Joshua M. Montagnini
Gallup, NM

for Appellee

The Kassakhian Firm, PC
Harutiun Kassakhian
Irvine, CA

L. Helen Bennett PC
Linda Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, entered after a de novo trial, convicting him for aggravated DWI (refused chemical testing) and open container, both under the Gallup City Code. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** On appeal, Defendant argues that the district court erred by imposing a much harsher sentence than that imposed by the magistrate court without permitting Defendant an opportunity to speak in mitigation of his actions for a reduced sentence or to request a treatment option instead of jail time. [DS 5; MIO 1] Defendant concedes that the matter was not preserved below and pursues the issue under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982; and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [DS 5-6; MIO 1-2]

**{3}** Our notice observed that the common law right of allocution in New Mexico is extended only to noncapital felonies. *See* NMSA 1978, §§ 31-18-15(A) (2007) and 31-18-15.1(A) (2009); *State v. Setser*, 1997-NMSC-004, ¶ 20, 122 N.M. 794, 932 P.2d 484. We also noted our case law holds that "in the absence of a statute or rule

requiring allocution in misdemeanor cases, it was not error for the trial court to fail to offer defendant an opportunity to speak before sentencing." *State v. Stenz*, 1990-NMCA-005, ¶ 17, 109 N.M. 536, 787 P.2d 455. Defendant acknowledges that he was not charged with a felony and that the law does not support his position. [DS 4; MIO 1-3] He expresses numerous public policy concerns with denying the right to allocution in misdemeanor cases and the harsh consequences of incarceration. [MIO 2-3] Defendant articulates important concerns that should have been raised to the court that sentenced him and are more appropriate for discussion in the political process than in this Court.

{4}     On the basis of our statute and case law, we cannot find error in this unpreserved issue. For the reasons stated in this opinion and in our notice, we affirm.

{5}     **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**TIMOTHY L. GARCIA, Judge**


_____

**M. MONICA ZAMORA, Judge**

3