This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 35,595**

**MARGARITA FLORES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, entered

pursuant to a no contest plea, convicting her of attempted first degree murder and sentencing her to nine years in prison and two years of parole. Defendant challenges only the imposition of the mandatory seventy-five dollar fee for crime victims reparation based on her indigency, and does so for the first time on appeal. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition and motion to amend the docketing statement to add a claim for ineffective assistance of counsel in trial counsel's failure to challenge the fee. We have considered Defendant's response and remain unpersuaded. We, therefore, deny the motion to amend and affirm.

{2}     Our notice proposed to affirm on the basis that Defendant's challenge is not ripe for our review, because she did not demonstrate that a demand for payment of the fee has been made, Defendant cannot demonstrate whether she will be excused of her obligation at least in part as a result of her indigency or whether Defendant will be given the opportunity to participate in community service in lieu of the payment, as permitted by NMSA 1978, Section 31-12-3(A) (1993). In response, Defendant contends that the issue is ripe because the judgment and sentence ordered her to pay fees and did not mention alternatives or a payment plan. [MIO 4-5] Defendant also contends that the fee was fundamental error or the result of the ineffective assistance of counsel, because her plea agreement did not mention the fee and because she is

unable to pay the fee. [MIO 8-12]

{3}    Defendant does not persuade us that her challenge to the fee imposed by the judgment and sentence is ripe for our review. "The basic purpose of ripeness law is and always has been to conserve judicial machinery for problems which are real and present or imminent, not to squander it on abstract or hypothetical or remote problems." *State ex rel. Collier v. N.M. Livestock Bd.*, 2014-NMCA-010, ¶ 12, 316 P.3d 195 (internal quotation marks and citation omitted). "The ripeness doctrine exists to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* (internal quotation marks and citation omitted). Section 31-12-3(C) permits a defendant to raise a defense of indigency to demonstrate that a default in payment of a fee was not willful, at which time the district court may order a reduction in the fee, a revocation in whole or in part, or a payment plan or community service. *See* § 31-12-3(D). To the extent that the fines may be due at an unknown time, Defendant does not, and cannot, establish now that she will be unable to pay them at that unknown time or that the district court will not afford her some other option. We hold that the threat of harm Defendant claims is not sufficiently imminent or direct for judicial review at this time. *See Collier*, 2014-NMCA-010, ¶ 12.

**Motion to Amend**

{4} To the extent that Defendant moves to amend her docketing statement to add the argument that the fee was not part of the plea agreement or that her trial attorney was ineffective for the failure to challenge the fee, we are not persuaded that the issues are viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{5} The statute levying the seventy-five dollar crime victims reparation fee that Defendant challenges states that it is a mandatory fee for persons convicted of felonies that shall be imposed at sentencing. *See* NMSA 1978, § 31-12-13(A)(1) (2015). Contrary to Defendant's argument, [MIO 3, 10-11] there is no indication that the prosecutor could or did waive the fee in a manner that was binding on the district court. [RP 98-100] We deny the motion to amend to add this argument.

{6} To the extent that Defendant claims the failure to raise the issue constituted ineffective assistance of counsel, we disagree. As our discussion above suggests, the district court could have found Defendant's challenge to the fee to be premature because the judgment and sentence did not set an imminent or other date upon which the fee was due, such that Defendant could demonstrate her inability to pay it. [RP

115] Defendant has not established that counsel was deficient for failing to challenge the fee based on either the plea or Defendant's indigency.

**{7}** Also, we are not persuaded that the record is sufficiently developed to support a prima facie claim for ineffective assistance of counsel. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* Among other deficiencies in the motion to amend and in the record to support the claim, there is no record of Defendant's inability to pay the fine. Trial counsel is not ineffective for the failure to make a motion that is not supported by the record. *See State v. Stenz*, 1990-NMCA-005, ¶ 7, 109 N.M. 536, 787 P.2d 455. Accordingly, we deny Defendant's motion to amend the docketing statement to add her claim of ineffective assistance of counsel. If Defendant wishes to pursue this matter further, she could either raise a defense of indigency when she is called upon to pay the fee or in default or she could bring her claim in a habeas corpus petition.

**{8}** For the reasons stated in this opinion and in our notice, we affirm.

{9}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**M. MONICA ZAMORA, Judge**