This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. A-1-CA-37430**

**RONALD JOHNSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Mercedes C. Murphy, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Assistant Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}      Defendant appeals from his conviction for voluntary manslaughter. This Court's calendar notice proposed to summarily affirm. Defendant filed a memorandum in opposition to this Court's proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}      Defendant continues to argue that there was insufficient evidence to support his conviction for voluntary manslaughter in the face of his claims of self-defense and defense of a dwelling. [DS 12; MIO 6-8] Defendant does not dispute the facts relied upon in the proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Rather, Defendant argues that the evidence presented cannot exclude the hypothesis that he acted in self-defense or in defense of his dwelling. [MIO 8] However, it was for the jury to determine whether the hypothesis of guilt was more reasonable than the defense hypotheses. *Cf. State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the

hypothesis of guilt more reasonable than the hypothesis of innocence."). It was for the jury to weigh the evidence and make that determination. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{3}** Defendant also continues to argue that trial counsel was ineffective for failing to file a motion to recuse the district court judge from hearing the case or a motion for a change of venue. [DS 12-13; MIO 8-10] The calendar notice indicated that absent evidence on the record suggesting that the district court judge held some bias in this regard, we proposed to conclude that trial counsel was not ineffective for failure to make a motion not supported by the record. *See State v. Stenz*, 1990-NMCA-005, ¶ 7, 109 N.M. 536, 787 P.2d 455 (stating that trial counsel is not ineffective for the failure to make a motion that is not supported by the record). Defendant does not point to any error in the law relied upon in the proposed disposition, but asserts that trial counsel should have at least tried to remove the judge from the case, despite her stated lack of recollection concerning the 2010 incident. [MIO 10] *See Mondragon*, 1988-NMCA-027, ¶ 10.

**{4}** For these reasons, and those stated in the notice of proposed disposition, we affirm.

{5}    **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**