This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38444

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CARLOS HERRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Victor E. Sanchez, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the revocation of his probation. We issued a calendar notice proposing to affirm the district court's decision. Defendant filed a memorandum in opposition to our proposed disposition and a motion to amend the docketing statement. Having considered Defendant's filings, we deny the motion to amend the docketing statement as non-viable, and affirm the revocation of Defendant's probation. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91.

**{2}** Defendant maintains that the State presented insufficient evidence to support the revocation of his probation. Defendant's memorandum in opposition, however, does not contest any of the facts relied upon in this Court's notice of proposed disposition. Additionally, Defendant has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

**{3}** Defendant seeks to amend his docketing statement to raise a claim that his due process rights were violated by the State's failure to provide him any notice of the alleged violations as required by Rule 5-805 NMRA. [MIO 11] Initially, we note that Defendant fails to explain how this issue was properly preserved below. *See* Rule 12-321(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked."); *see also State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (stating that this Court will not search the record to find whether an issue was preserved); *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309 (requiring a motion to amend to explain how the issues were properly preserved or why they may be raised for the first time on appeal). While Defendant contends that these issues were raised in several of his post-trial motions, the State points out that the district court may have lost jurisdiction to rule on these issues at the time these post-trial motions were filed because Defendant had already filed his notice of appeal. *See* Rule 5-801(A) NMRA comm. cmt. ("Under this rule, no modification of sentence can be considered by the trial court after the filing of notice of appeal.").

**{4}** Moreover, even if the issue was adequately preserved, Defendant has failed to establish that his lack of notice resulted in prejudice sufficient to support reversal. *See State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935 ("[I]n order to establish a violation of due process, a defendant must show prejudice."). To the contrary, the State's motion to revoke probation certifies that a copy was delivered to the public defender's office as counsel for Defendant, and the district court's order revoking probation states that Defendant and his attorney were handed a copy of the petition to revoke probation in open court, suggesting that he did in fact have notice. [2 RP 309; SRP 458-460] Accordingly, we deny Defendant's motion to amend the docketing statement to add this non-viable issue. *See Moore*, 1989-NMCA-073, ¶ 42 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error).

**{5}** Defendant additionally seeks to further develop his claim of ineffective assistance of counsel, asserting that his counsel was ineffective for (1) failing to file a motion to

dismiss the revocation probation based on the State's failure to provide notice to Defendant of his violations as argued above, and (2) for failing to notify the district court that Defendant could not understand the revocation proceedings because he was under the influence of prescription medication. [MIO 13-18] To make a prima facie showing of ineffective assistance of counsel, a defendant must establish that defense counsel's performance fell below the standard of a reasonably competent attorney, and that, as a result, the defense was prejudiced. *State v. Mosley*, 2014-NMCA-094, ¶ 19, 335 P.3d 244. "If facts necessary to a full determination are not part of the record [on direct appeal], an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. We prefer claims of ineffective assistance of counsel be raised through habeas proceedings because without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

{6}     With respect to Defendant's first basis, the record is devoid of any facts suggesting that counsel's decision not to file a motion to dismiss the revocation motion was not a result of reasonable trial strategy, and this Court will not presume as much without additional factual development. *See id.*; *see also State v. Stenz*, 1990-NMCA-005, ¶ 7, 109 N.M. 536, 787 P.2d 455 (stating that trial counsel is not ineffective for the failure to make a motion that is not supported by the record). As to Defendant's second claim, there does not appear to be any facts in the record establishing that he was unable to understand the revocation proceedings because he was under the influence of prescription drugs. Accordingly, any such claim is better suited for development in habeas proceedings. *See Roybal*, 2002-NMSC-027, ¶ 19. Consequently, we conclude that Defendant has failed to establish a prima facie case of ineffective assistance of counsel.

{7}     For the foregoing reasons, we affirm the revocation of Defendant's probation.

{8}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**