This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39741**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**AARON CLARK,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil Candelaria, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**　　Defendant appeals his conviction for armed robbery. This Court filed a notice of proposed disposition, proposing to affirm. [CN 1, 3] Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we affirm.

**{2}**　　Defendant maintains that the district court erred in failing to grant Defendant's midtrial challenge to an allegedly tainted eyewitness identification of Defendant. [MIO 4] Defendant has not asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous as to this issue. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have

repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we refer Defendant to our analysis therein.

**{3}** Defendant's motion to amend the docketing statement seeks to add an issue arguing that defense counsel's failure to file a motion to suppress the allegedly tainted identification prior to trial was ineffective assistance of counsel. [MIO 11] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}** "Evidence of an attorney's constitutionally ineffective performance and any resulting prejudice to a defendant's case is not usually sufficiently developed in the original trial record." *State v. Crocco*, 2014-NMSC-016, ¶ 13, 327 P.3d 1068. For this reason, a claim of ineffective assistance of counsel should normally be addressed in a post-conviction habeas corpus proceeding, which may call for a new evidentiary hearing to develop facts beyond the record, *see* Rule 5-802(H)(5) NMRA (allowing a court to hold evidentiary hearings in habeas corpus proceedings), rather than on direct appeal of a conviction as in the case before us. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517 ("The record is frequently insufficient to establish whether an action taken by defense counsel was reasonable or if it caused prejudice. Thus, instead of remanding the matter to the trial court, [the appellate courts] prefer[] that these claims be brought under habeas corpus proceedings so that the defendant may actually develop the record with respect to defense counsel's actions." (citation omitted)).

**{5}** "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* The burden of establishing a prima facie case requires the defendant to establish both elements of ineffective assistance, attorney error, and prejudice. *Id.* A prima facie case is made if Defendant produces "'enough evidence to allow the fact-trier to infer the fact at issue

and rule in [the d]efendant's favor.'" *Crocco*, 2014-NMSC-016, ¶ 14 (quoting *Black's Law Dictionary* 1310 (9th ed. 2010)).

{6}     Without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance. *See State v. Tafoya*, 2012-NMSC-030, ¶¶ 58-59, 285 P.3d 604 ("An appellate court will not second-guess counsel's strategic judgment unless the conduct does not conform with an objective standard of reasonableness." (internal quotation marks and citation omitted)). "[W]hen a plausible, rational strategy or tactic can explain the conduct of defense counsel," we cannot conclude that trial counsel erred. *State v. Paredez*, 2004-NMSC-036, ¶ 22, 136 N.M. 533, 101 P.3d 799 (internal quotation marks and citation omitted); *see also Arrendondo*, 2012-NMSC-013, ¶ 38 ("Without such prima facie evidence, the Court presumes that defense counsel's performance fell within the range of reasonable representation."); *Roybal*, 2002-NMSC-027, ¶ 21 ("Indeed, if on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance."). There are many reasons a defendant's counsel may not have filed a suppression motion, including counsel's judgment that the motion would be groundless and unsuccessful. *See State v. Stenz*, 1990-NMCA-005, ¶ 7, 109 N.M. 536, 787 P.2d 455 ("A trial counsel is not incompetent for failing to make a motion when the record does not support the motion.").

{7}     Defendant contends that his trial counsel was constitutionally ineffective for failing to file a pretrial motion to suppress the out-of-court identification made by an eyewitness. [MIO 11] This failure, Defendant alleges, amounts to a deprivation of Defendant's constitutional right to present a defense. [MIO 15] The New Mexico Supreme Court has recently clarified the procedure to be followed in determining whether eyewitness identification evidence should be suppressed in *State v. Martinez*, 2021-NMSC-002, ¶ 88, 478 P.3d 880. "[W]hen a defendant files a pretrial motion to suppress eyewitness identification evidence, the initial burden is on the defendant to show some indication of suggestiveness in law enforcement's administration of the eyewitness identification procedure." *Id.* The burden then shifts to the State to demonstrate that either "(1) the procedure employed was not so suggestive as to materially taint the identification made by the eyewitness, which is to say that any departure from proper procedure could not have increased the risk of misidentification, *or* (2) good reason existed for the police to employ the suggestive procedure." *Id.* "If the state fails to carry its responsive burden, the identification and any subsequent identification by the same witness must be suppressed." *Id.* The analysis outlined in *Martinez* is factually intensive and is impossible to adequately perform under the circumstances, given the lack of factual development in the record on this issue. *See Roybal*, 2002-NMSC-027, ¶ 19. Moreover, nothing in the record suggests that the decision not to file a motion to suppress was not a part of a rational trial strategy. *See Paredez*, 2004-NMSC-036, ¶ 22. To the extent Defendant argues that his trial counsel has admitted to appellate counsel that his failure to raise this as an issue amounts to ineffective assistance of counsel, we reiterate that we are bound to consider only the facts contained in the record when evaluating a claim for ineffective assistance of counsel. *See Roybal*, 2002-NMSC-027, ¶ 19. Thus, in light of the foregoing case law, a

habeas corpus proceeding is the proper venue to pursue Defendant's claim. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]"). We therefore deny the motion to amend as nonviable.

**{8}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{9}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**