This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42199**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KEVIN MENDOZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals from his judgment and sentence, following a jury trial, for unlawful taking of a motor vehicle and commercial burglary. We issued a notice of proposed disposition, proposing to affirm. Defendant has filed a memorandum in opposition to that notice, which we construe to contain a motion to amend the docketing statement, and which we have duly considered. Unpersuaded, we deny the motion to amend and affirm.

**{2}** In Defendant's memorandum in opposition, Defendant reasserts his claim that the evidence was insufficient to establish his identity, and therefore, to support his convictions. [MIO 1] However, Defendant's memorandum in opposition has not asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As a result, Defendant's memorandum in opposition is not persuasive that this Court's proposed summary disposition was in error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** Defendant's memorandum in opposition also claims—for the first time—that Defendant's trial counsel was ineffective. [MIO 2-3] We construe the memorandum in opposition as a motion to amend the docketing statement to add that claim. In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. "The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable." *Moore*, 1989-NMCA-073, ¶ 42.

**{4}** Defendant seeks to argue that his trial counsel was ineffective for failing to challenge Defendant's identification prior to trial. [MIO 2-3] On appeal, we place the burden on the defendant to establish that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M. 719, 204 P.3d 44. If alleged errors by trial counsel can be justified as possible trial strategy or tactics, this Court will not find ineffective assistance. *State v. Paredez*, 2004-NMSC-036, ¶ 22, 136 N.M. 533, 101 P.3d 799; *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61.

**{5}** Here, Defendant's motion to amend does not recite facts establishing that trial counsel's decisions were objectively unreasonable or otherwise not based upon reasonable trial strategy. *See State v. Tafoya*, 2012-NMSC-030, ¶ 59, 285 P.3d 604 ("An appellate court will not second-guess counsel's strategic judgment unless the conduct does not conform with an objective standard of reasonableness." (internal quotation marks and citation omitted)); *State v. Stenz*, 1990-NMCA-005, ¶ 7, 109 N.M. 536, 787 P.2d 455 ("A trial counsel is not incompetent for failing to make a motion when the record does not support the motion."). The motion to amend also does not assert that any such facts are available in the record. *See Roybal*, 2002-NMSC-027, ¶ 19

("When an ineffective assistance of counsel claim is first raised on direct appeal, we evaluate the facts that are part of the record."); *see also State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a "preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"). We therefore deny the motion to amend as nonviable and suggest that Defendant's claim is more properly suited for a habeas corpus proceeding. *See Paredez*, 2004-NMSC-036, ¶ 22; *Tafoya*, 2012-NMSC-030, ¶ 59; *see also Roybal*, 2002-NMSC-027, ¶ 19 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus proceeding.").

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**